UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

STRIKE 3 HOLDINGS, LLC,

        Plaintiff,

   -v-

JOHN DOE,

        Defendant.

---

24 Civ. 638 (PAE)

ORDER

PAUL A. ENGELMAYER, District Judge:

On January 29, 2024, plaintiff Strike 3 Holdings, LLC ("Strike 3 Holdings") filed a complaint against an unidentified defendant—"John Doe"—who is allegedly "committing rampant and wholesale copyright infringement by downloading [34 of] Strike 3's motion pictures as well as distributing them to others." Dkt. 1 ("Compl.") ¶ 4. The movies at issue contain pornographic material. On February 10, 2024, Strike 3 Holdings filed a motion seeking permission to take expedited discovery from third-party Internet Service Provider ("ISP"), Astound Broadband LLC ("Astound") to identify John Doe's name and physical address, Dkt. 6, and a memorandum of law and declarations in support, Dkt. 7.

The Court concludes that there is good cause to allow some expedited discovery in this case because without it Strike 3 Holdings will not be able to ascertain the identity of John Doe to effectuate service. Without a court-ordered subpoena, Astound, which counts as a "cable operator" for purposes of 47 U.S.C. § 522(5), is effectively prohibited from disclosing the identity of the Doe defendant to Strike 3 Holdings under 47 U.S.C. § 551(c). *See, e.g., Digital Sin, Inc. v. Does 1-176*, No. 12 Civ. 126 (AJN), 2012 WL 263491, at *2 (S.D.N.Y. Jan. 30, 2012) ("Indeed, in all of the opinions and rulings in similar cases around the country, the Court has

found no indication that the plaintiffs have any reasonable alternative to these subpoenas to obtain the identities of the alleged infringers."); *Strike 3 Holdings, LLC v. Doe*, 23 Civ. 8574 (JPO), 2023 WL 6850219, at *1 (S.D.N.Y. Oct. 17, 2023) (finding good cause in virtually identical scenario).

That said, because of the well-acknowledged possibility that the owner of an IP address from which copyrighted work was illegally downloaded is not, in fact, the infringer, *Strike 3 Holdings*, 2023 WL 6850219, at *1 (citing *Malibu Media, LLC v. Does 1-5*, No. 12 Civ. 2950 (JPO), 2012 WL 2001968, at *1 (S.D.N.Y. June 1, 2012)), and the risks inherent in and exacerbated by the subject matter in this case that even an IP-owner/defendant who has been erroneously named could be coerced into settlement lest he or she be publicly linked to pornographic films, *see Next Phase Distribution, Inc. v. Does 1-138*, No. 11 Civ. 9706 (KBF), 2012 WL 691830, at *2 (S.D.N.Y. Mar. 1, 2012), the Court will add additional safeguards to Strike 3 Holdings' proposed order.

Accordingly, it is hereby:

ORDERED that Strike 3 Holdings may conduct immediate discovery on Astound with a subpoena under Federal Rule of Civil Procedure 45 seeking John Doe's name and current and permanent address. The subpoena shall have a copy of this order attached.

IT IS FURTHER ORDERED that Strike 3 Holdings shall immediately serve a copy of this order on Astound and that Astound shall serve a copy of this order on John Doe. Astound may serve John Doe using any reasonable means, including written notice sent to John Doe's last known address, transmitted either by first-class mail or via overnight service. Strike 3 Holdings and Astound shall file proof of service with the Court once service is achieved.

IT IS FURTHER ORDERED that John Doe shall have 60 days from the date of service of this order upon him or her to file any motions with this Court contesting the subpoena (including a motion to quash or modify the subpoena), as well as any request to litigate the subpoena anonymously. Astound may not turn over John Doe's identifying information to Strike 3 Holdings before the expiration of this 60-day period. Additionally, if John Doe or Astound files a motion to quash the subpoena, Astound may not turn over any information to Plaintiff until the issues have been addressed and the Court issues an order instruction Astound to resume in turning over the requested discovery.

IT IS FURTHER ORDERED that if that 60-day period lapses without John Doe or Astound contesting the subpoena, Astound shall have 10 days to produce the information responsive to the subpoena to Plaintiff. If John Doe moves to quash or modify the subpoena, or to proceed anonymously, he or she shall at the same time of his or her filing also notify Astound so that it is on notice not to release John Doe's contact information to Strike 3 Holdings until the Court rules on any such motions.

IT IS FURTHER ORDERED that Astound shall preserve any subpoenaed information pending the resolution of any timely motion to quash.

IT IS FURTHER ORDERED that Astound shall confer with Strike 3 Holdings and shall not assess any charge in advance of providing the information requested in the subpoena. If Astound elects to charge for the costs of production, it shall provide a billing summary and cost report to Strike 3 Holdings.

IT IS FURTHER ORDERED that any information ultimately disclosed to Strike 3 Holdings in response to a Rule 45 subpoena may be used by Plaintiff solely for the purpose of

3

protecting its rights as set forth in its complaint. The Clerk of Court is respectfully directed to close the motion pending at Docket 6.

SO ORDERED.

*Paul A. Engelmayer*

Paul A. Engelmayer
United States District Judge

Dated: February 27, 2024
      New York, New York